FILED
U.S DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

BY: _____
DEPUTY CLERK

| | |
|---|---|
| ALLEN WOLFSON, <br><br> Plaintiff, <br><br> vs. <br><br> BRUCE PRICHETT, <br><br> Defendant. | MEMORANDUM DECISION and ORDER OF DISMISSAL <br><br> Case No: 2:05-CV-875 TS <br><br> District Judge Ted Stewart |

Allen Wolfson, a prisoner in New York and a citizen of Utah, has filed a *pro se* complaint that attempts to allege civil rights claims under 42 U.S.C. §§ 1985(3) and 1986 against his former escrow agent/attorney, Bruce Prichett, a private citizen who is also a Utah resident. After reviewing Wolfson's complaint, the court concludes that it must be dismissed for failure to state a claim and lack of jurisdiction.[1]

Although Wolfson asserts jurisdiction under 28 U.S.C. § 1331[2] (federal question jurisdiction), he fails to assert any issues "arising under the Constitution, laws, or treaties of the United States."[3] "To state a claim under § 1985(3), a plaintiff must show: (1) a conspiracy, motivated by racially-discriminatory animus; (2) to deprive plaintiff of equal protection of the law; (3) an act in furtherance of the conspiracy; and (4) a deprivation of rights resulting

---

[1] *See* 28 U.S.C. § 1915(e)(2).

[2] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] *Id.*

therefrom."[4] Wolfson has failed to allege any of these factors. Further, his claim under § 1986 also fails because it is dependent on the existence of a claim under § 1985.[5] Consequently, Wolfson has failed to state any federal claim.

At most, Wolfson's complaint can only be construed to assert claims of legal malpractice, a question of state law. Wolfson does not allege diversity of citizenship under 28 U.S.C. § 1332, but alleges that he is "a resident of Utah" and that Defendant is a licensed attorney in Utah.[6] Wolfson could not allege diversity of citizenship because even though he is incarcerated in another state, Wolfson's state of citizenship for purposes of diversity jurisdiction is still Utah.[7] Because complete diversity is lacking and no federal claim is alleged, the court cannot exercise jurisdiction over the state law claims.[8]

IT IS HEREBY ORDERED that the complaint is DISMISSED.

March 24, 2006.

BY THE COURT:

_____
Ted Stewart
U.S. District Judge

---

[4]*Paris v. Southwestern Bell Telephone Co.*, 94 Fed. App'x 810, 815 (10th Cir. 2004) (citing *Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993)).

[5]*Brown v. Chaffee*, 612 F.2d 497, 502 (10th Cir. 1979).

[6]Complaint, docket no. 3, filed October 24, 2005.

[7]*Ferrer v. Dailey*, No. 96-3155, 1996 WL 731618, at *1 (10th Cir. Dec. 20, 1996) (unpublished) (stating inmate's state of citizenship is the state of which he was a citizen before he was sent to prison).

[8]*See United Int'l Holdings Inc. v. Wharf (Holdings) Ltd.*, 210 F.3d 1207, 1220 (10th Cir. 2000) (stating district court may exercise supplemental jurisdiction over state claims only when federal claim was not insubstantial from the outset); *see also* 28 U.S.C. § 1367(c)(3).